UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KIRCHER,

    Petitioner,

v.                                             Case No. 12-14477

DEBRA SCUTT,

    Respondent.
                                      /

**OPINION AND ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

On December 4, 2013, Magistrate Judge Paul J. Komives issued a Report and Recommendation ("R&R") in the above-captioned matter, recommending that the court deny Petitioner David Kircher's ("Kircher") petition for the writ of habeas corpus and that the court deny Kircher a certificate of appealability. On December 18 and 30, 2013, and January 16, 2014, Kircher filed objections to the R&R. For the reasons discussed below, the court will overrule Kircher's objections and adopt the R&R in full. The court will also deny Kircher a certificate of appealability.

## I. STANDARD

The filing of timely objections requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This de novo review, in turn, requires the court to re-examine all the relevant evidence previously

reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949–50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II. DISCUSSION

In his R&R, the Magistrate Judge concluded that the court should deny Kircher's application for the writ of habeas corpus and his motion for summary judgment, as well as deny his certificate of appealability. Each of Kircher's objections are addressed below.

### A. Objections # 1

Kircher's first objection continues to argue evidentiary issues from the original trial court's findings. Specifically, Kircher contends that the sewage was not tested for

toxicity and the water sample tests drawn from the Huron River proved to be safe. Kircher argues that without such evidence, the government failed to prove actual injury.

This argument does not engage meaningfully with the Magistrate Judge's analysis. The Magistrate Judge's recommendation correctly noted that Kircher's allegation that the trial court's findings of fact were not sufficiently detailed is an issue of state law that is not cognizable on habeas review. (Pg. ID # 1697). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). And, in any event, the trial court did issue detailed findings of fact addressing each element of the offense. (*See* Pg. ID # 526–42). Instead of specifically objecting to these points made by the Magistrate Judge, Kircher has simply repeated his prior arguments. Kircher's first objection is overruled.

### B.  Objection # 2

Generously construed, Kircher's second objection is to the trial court's interpretation of the penalties set forth for violations of Mich. Comp. Laws § 324.3109. Kircher asserts that the Michigan Supreme Court held that the penalties for a violation of § 324.3109 are limited to passing ordinances and court orders enjoining the discharge of the sewage, as opposed to the penalties set forth in § 324.3115. *See Dep't of Envtl. Quality v. Worth Twp.*, 814 N.W.2d 646, 661 (Mich. 2012).

This objection is without merit. As explained by the Magistrate Judge, "Section 324.3115(2) explicitly imposes criminal liability for the knowing discharge of a substance 'contrary to this part,'" which includes § 324.3109. (Pg. ID # 1684). Moreover, Kircher misinterprets the Michigan Supreme Court's ruling, which addresses municipal, rather

than individual, liability under § 324.3109.  *See Dep't of Envtl. Quality*, 814 N.W.2d at 652.  Regardless, this issue presents a matter of state law that is not cognizable on habeas review.  *See Estelle*, 502 U.S. at 67–68.  Kircher's second objection is overruled.

### C.  Objection # 3

Kircher objects to the Magistrate Judge's recommendation that a certificate of appealability be denied.  Because reasonable jurists could not debate the correctness of the court's ruling that Kircher's objections are not cognizable on habeas review, the court overrules Kircher's third objection.  *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

### III.  CONCLUSION

Accordingly,

IT IS ORDERED that Kircher's objections [Dkt. # 25, 26, 27] are OVERRULED, and the Magistrate Judge's Report and Recommendation [Dkt. # 24] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE and Petitioner's Motion for Summary Judgment [Dkt # 20] is DENIED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

4

Finally, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED.

A separate judgment will issue.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 31, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 31, 2014, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522