UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KIRCHER,

       Petitioner,

                                        CASE NO. 2:12-CV-14477
v.                                   JUDGE ROBERT H. CLELAND
                                        MAGISTRATE JUDGE PAUL KOMIVES

DEBRA SCUTT,

       Respondent.

_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR REVERSAL BASED ON NEWLY DISCOVERED EVIDENCE (docket #32)**

I.    RECOMMENDATION: The Court should conclude that petitioner's motion for reversal based on newly discovered evidence constitutes a successive application for the writ of habeas corpus over which this Court lacks jurisdiction pursuant to 28 U.S.C. § 2244(b).  Accordingly, the Court should transfer the motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

II.    REPORT:

A.    *Background*

Petitioner David Kircher filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 10, 2012, challenging his 2006 state court convictions for violations of the Michigan Natural Resources and Protection Act.  Petitioner's application raises claims challenging the validity of the statutes under which he was convicted and the validity of the charges (lack of probable cause and notice); insufficiency of the trial court's findings, insufficiency of the evidence, and actual innocence; denial of equal protection; and ineffective assistance of counsel.  On December 4, 2013, I filed a Report recommending that the Court deny the petition and deny petitioner a certificate of appealability.  The Court entered an Order adopting my report, denying the petition, and

denying petitioner a certificate of appealability on January 31, 2014. The Court entered judgment in favor of respondent on the same date. Petitioner filed a notice of appeal on March 3, 2014. Petitioner's appeal remains pending in the Sixth Circuit.

The matter is currently before the Court on petitioner's "Motion for Reversal Based on Newly Discovered Evidence of Brady Violations, Prosecutorial Misconduct, and Double Jeopardy Violations." In his motion, petitioner contends that newly discovered evidence in the form of witness statements shows that the prosecutor suppressed favorable evidence and that his convictions violate the Double Jeopardy Clause of the Fifth Amendment. Parts of petitioner's motion also appear to reargue the merits of some of the claims he raised in his petition. For the reasons that follow, the Court should conclude that petitioner's motion is the functional equivalent of a second or successive petition prohibited by 28 U.S.C. § 2244, and should transfer the motion to the Sixth Circuit.

B.   *Analysis*

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Notwithstanding Rule 60(b), the habeas statutes circumscribe the conditions

under which a second or successive habeas petition may be considered. In particular, a claim which has already been adjudicated on the merits must be dismissed, a new claim may not be considered unless it relies on either a new, retroactive rule of constitutional law or new facts demonstrating actual innocence, and a successive petition may not be filed in the district court until authorization is obtained from the court of appeals. *See Gonzalez*, 545 U.S. at 529-30 (discussing 28 U.S.C. § 2244(b)(1)-(3)). Rule 60(b) applies only to the extent that it is not inconsistent with these rules governing successive petitions. *See id*. at 529 (citing Rule 11, 28 U.S.C. foll. § 2254). Generally, a Rule 60(b) motion which seeks vindication of a substantive claim for relief will be considered a prohibited successive petition, *see id*. at 531-32, whereas "[t]hat is not the case . . . when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532. As the Court explained, "[i]f neither the motion itself nor the federal judgment from which it seeks relief addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id*. at 533. Thus, the question is whether the Rule 60(b) motion "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits," *id*. at 532. If so, the Rule 60(b) motion is the functional equivalent of a prohibited second or successive habeas petition.

Although petitioner does not style his motion as one brought under Rule 60(b), the reasoning of *Gonzalez* applies. "'The reasoning of *Gonzalez* does not depend on which rule the prisoner invokes.'" *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (quoting *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). Thus, in applying *Gonzalez* a court "look[s] at the relief sought, rather than a pleading's title or its form, to determine whether it is a second-or-successive collateral attack on a defendant's conviction." *United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir.

3

2013). Here, regardless of how titled, petitioner's motion attacks "the substance of the [Court's] resolution of a claim on the merits" and "addresses federal grounds for setting aside the movant's state conviction," *Gonzalez*, 545 U.S. at 532-33. Petitioner contends that newly discovered evidence entitles him to relief based on substantive constitutional violations in his conviction raised by the new evidence. Motions which attempt to add a new ground for relief, or attack the district court's resolution of an existing claim on the merits, constitute a successive petition under *Gonzalez*. *See Purnell v. United States*, 496 Fed. Appx. 596, 600 (6th Cir. 2012) (citing *Gonzalez*, 545 U.S. at 532; *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007)). Petitioner's motion "'seeks vindication of' or 'advances' one or more 'claims'" for relief from his conviction. *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (quoting *Gonzalez*, 545 U.S. at 531-32). It therefore constitutes a prohibited successive petition. *See Gonzalez*, 545 U.S. at 531 (motion is successive habeas petition if it "seek[s] leave to present 'newly discovered evidence' in support of a claim previously denied.").

Under § 2244, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless" the petitioner shows either that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and these facts "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). Whether a successive application satisfies the exception set forth in § 2244(b)(2), however, is not for the District Court's determination in the first instance. Rather, that statute provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals

for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996). Because petitioner's motion is the functional equivalent of a successive habeas petition, and because petitioner has not obtained authorization from the Sixth Circuit to file such a petition, this Court lacks jurisdiction to consider the merits of the Rule 60(b) motion, *see Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005) ("§ 2244(b)(3) allocates subject matter jurisdiction to the court of appeals, rather than the district court, in the first instance, over a second or successive habeas petition."), and the appropriate course is to transfer to motion to the Sixth Circuit pursuant to 28 U.S.C.§ 1631. *See In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).

C.  *Conclusion*

Because petitioner's "Motion for Reversal Based on Newly Discovered Evidence" seeks relief from his state court conviction on the basis of a substantive constitutional claim, it is the functional equivalent of a successive habeas petition over which this Court lacks jurisdiction until such time as the Sixth Circuit authorizes petitioner to file the motion in accordance with § 2244(b)(3). Accordingly, the Court should transfer to the motion to the Sixth Circuit pursuant to § 1631 and *In re Sims*.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: June 30, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 30, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager, in the absence of Michael Williams